# LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC

Michael S. Lamonsoff, Esq.oo
Seth J. MacArthur, Esq.o
Ryan J. Lawlor, Esq.oo☐
Joseph E. Gorczyca, Esq.oo
Darren T. Moore, Esq. oo
Albert K. Kim, Esq.*

Also Admitted in
o E D N Y
o S D N Y
☐ United States Court of Appeals 2nd Circuit
◊ NJ Federal Court
*Also admitted in New Jersey



Stacey Haskel, Esq.*
Jessica Massimi, Esq.oo
Jonathan Wachlarz, Esq.
Colin Mulholland, Esq.oo
Faziah Gafur, Esq.
Dmitry Lapin, Esq.*oo◊

ALL CORRESPONDENCE TO
NEW YORK OFFICE

www.msllegal.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/17

May 3, 2017

BY ECF
Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **Geovanee Delgado v. The City of New York, et al.,**
**17 CV 2444 (NRB)**

Your Honor:

This firm represents the Plaintiff, Geovanee Delgado, in this matter. This letter is respectfully submitted in partial opposition to the Defendants' letter dated May 2, 2017, where they have requested a 60-day extension of time to file their Answer in this case. Plaintiff opposes Defendants' request because it is likely that the Defendants may later argue that the statute of limitations in this matter expires on June 16, 2017, since Plaintiff's date of arrest underlying this incident was June 16, 2014. While Plaintiff does not necessarily concede that the statute of limitation expires on June 16th since he was not released from custody until months later, in an abundance of caution, Plaintiff cannot consent to an extension of Defendants' time to Answer to extend past the three-year anniversary of Plaintiff's date of arrest giving rise to this lawsuit. Accordingly, Plaintiff respectfully requests that, to the extent the Court is inclined to grant the Defendants' request, the Court also direct the Defendants to provide, by May 12th, the names of the individuals described below.

*Application granted. So Ordered. Naomi Reice Buchwald USDJ 5/4/17*

On April 11, 2017, the Defendant City of New York was served with the Summons, Complaint, and CPL 160.50 unsealing authorization in this case. Mr. Zangrilli contacted me on April 18th seeking my consent to the Defendants' request for a 60-day extension of time to Answer. I promptly responded, stating that Plaintiff would gladly consent to the Defendants' request, but that I would have to insist on the Defendants providing this office with the names of the Deputy Warden for Administration of the Vernon C. Bain Complex at Rikers Island Correctional Facility from June 2014 through September 2014, and the Supervisor of the General Office of the Vernon C. Bain Complex at Rikers Island Correctional Facility from June 2014 through September 2014, named in the Complaint at John Does 1 and 2, respectively.[1]

---
[1] The Defendants describe these Defendants simply as "John Does" in their May 2nd letter, but Plaintiff respectfully submits that he has provided descriptive information in the caption of the Complaint to allow the Defendants to identify these individuals at this juncture.

**New York Office** 32 Old Slip at Financial Square, New York, NY 10005 ☐ **New Jersey Office** 2168 Millburn Avenue, Ste. 205, Maplewood, NJ 07040
ALL CORRESPONDENCE TO NEW YORK - **Main Telephone:** (212) 962-1020 ☐ **Toll Free:** (877) 675-4529 ☐ **Fax:** 212-962-3078 ☐ www.msllegal.com



**LAW OFFICE OF MICHAEL S. LAMONSOFF, PLLC**
Financial Square at 32 Old Slip, New York, NY 10005
msllegal.com

---

Re:   **Geovanee Delgado v. The City of New York, et al.,**
      **17 CV 2444 (NRB)**
      Page 2 of 2

Mr. Zangrilli responded to my request on April 18th by email, stating that he would further respond to me the morning of April 19th and had to "track down the powers that be". However, I did not receive an answer to Plaintiff's request for the names until May 1st, after I followed up multiple times. On May 1st Mr. Zangrilli finally informed me that he had asked his paralegal to obtain the names for me but that he would not provide a time frame within which he would disclose the names. He further stated that he would not engage in a *"quid pro quo."* To be clear, Plaintiff is taking this position because he has a legitimate reason for doing so, and not because he is trying to bend the Defendants' request for consent to his advantage. I personally routinely unconditionally consent to the City's requests for extensions of time to Answer, and ask for no courtesies in return. This situation is different given the rapidly-approaching June 16th date.

I am puzzled by the Defendants' refusal to compromise on this issue. As Mr. Zangrilli would be aware, Courts frequently direct the City to provide the names of the officers involved "in light of the extensive delay occasioned" by the extension of time to Answer. See, for example, 17 CV 0345 (KAM) (RER), Order dated February 24, 2017. This Order is one example amongst many. Additionally, Defendants refusal to provide these names at this point is simply going to require counsel for the Plaintiff to continue conducting a diligent search for the names which will ultimately require requesting an Order to Show Cause from the Court directing the City to provide these names which should already be available to them. I explained this to Mr. Zangrilli and requested that he conserve resources by agreeing to provide the names of the individuals described above.

Accordingly, Plaintiff respectfully requests that the Court issue an Order directing the City of New York to provide the names of the Doe Defendants by May 12, 2017. Plaintiff thanks the Court for its time and consideration.

Respectfully submitted,

/s/

JESSICA MASSIMI (JM-2920)

cc:   Joseph Zangrilli (By ECF)

---