UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
GEOVANEE DELGADO,

                               Plaintiff,                            **17 CV 2444 (NRB)**

   -against-                                              **FIRST AMENDED COMPLAINT**

THE CITY OF NEW YORK,
JOSEPH PONTE (Commissioner of the New York City         **JURY TRIAL**
Department of Corrections),                                          **DEMANDED**
KAREN COLLINS (Warden of the Vernon C. Bain Complex
at Rikers Island Correctional Facility),
NEW YORK CITY PROBATION OFFICER
JENNA SEABROOK,
TONYA HAYES (Deputy Warden for Administration of the
Vernon C. Bain Complex at Rikers Island Correctional Facility
from June 2014 through September 2014),
CAPTAIN BROWN, SHIELD #1363 (Supervisor of the
General Office of the Vernon C. Bain Complex at Rikers
Island Correctional Facility from June 2014 through September
2014),
NEW YORK CITY POLICE OFFICER JECKSON
DORVILLE, and
FLORIDA CORRECTIONS OFFICER LISSETTE CAMPOS,

                               Defendants.
-------------------------------------------------------------------------------X

      Plaintiff, GEOVANEE DELGADO, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his First Amended Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

1

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

4. Jurisdiction regarding Defendant Lissette Campos is founded upon long-arm jurisdiction, in that Defendant Campos had certain minimum contacts in New York State for purposes of this lawsuit.

## VENUE

5. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff, GEOVANEE DELGADO, is, and has been, at all relevant times, a resident of the City and State of New York.

8. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Department of Corrections, a duly authorized public authority and/or corrections department, authorized to perform all functions of a corrections department as per the applicable sections of New York State Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

10. At all times hereinafter mentioned, JOSEPH PONTE (Commissioner of the New York City Department of Corrections), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties.

11. At all times hereinafter mentioned, KAREN COLLINS (Warden of the Vernon C. Bain Complex at Rikers Island Correctional Facility), was a duly sworn member of said department and was acting under the supervision of said department and according to her official duties.

12. At all times hereinafter mentioned, NEW YORK CITY PROBATION OFFICER JENNA SEABROOK, was a duly sworn member of the New York City Department of Probation and was acting under the supervision of said department and according to her official duties. For the relevant time periods herein, Defendant Seabrook was Plaintiffs New York City probation officer.

13. At all times hereinafter mentioned, TONYA HAYES (Deputy Warden for Administration of the Vernon C. Bain Complex at Rikers Island Correctional Facility), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties.

14. At all times hereinafter mentioned, CAPTAIN BROWN, SHIELD #1363 (Supervisor of the General Office of the Vernon C. Bain Complex at Rikers Island Correctional Facility), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties.

15. At all times hereinafter mentioned, NEW YORK CITY POLICE OFFICER JECKSON DORVILLE, was a duly sworn member of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

16. Each of the foregoing Defendants will be referred to herein collectively as the "City of New York Defendants" or the "New York City Defendants."

17. At all times hereinafter mentioned the New York City Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

18. Each and all of the acts of the New York City Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

19. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

20. At all times hereinafter mentioned, FLORIDA CORRECTIONS OFFICER LISSETTE CAMPOS, was a duly sworn member of the Florida State Adult Felony Supervision Program, acting under the supervision of said department and according to her official duties. For the relevant time periods herein, Defendant Campos was Plaintiffs Florida State probation officer.

21. Each of the Defendants are sued herein in their official and individual capacities.

## **FACTS**

22. This case arises out of Plaintiff's unlawful detention and restraint of liberty by the Defendants at Vernon C. Bain Center ("VCBC") at Rikers Island Correctional Facility ("Rikers"), on the basis of a purported violation of probation warrant from the state of Florida.

23. This detention and restraint was in violation of statute and constitutional mandate.

### *Plaintiff's Transfer of Probation From Florida to New York*

24. On September 2, 2009, Plaintiff, Geovanee Delgado, was placed on probation by the State of Florida for misdemeanor drug offenses, and he was instructed to attend drug/alcohol evaluation as a condition of his probation.

25. Almost immediately thereafter, Plaintiff was then transferred to New York on a separate parole violation warrant.

26. Plaintiff then completed a substance abuse evaluation and twelve months of treatment as required by Florida probation. Plaintiff completed this treatment and evaluation from December 2009 to January 2011 in the State of New York.

27. On July 1, 2010, while Plaintiff was under parole supervision in New York, the Department of Probation of the State of Florida approved the Plaintiff's transfer of probation to the State of New York under the Interstate Compact of the Interstate Commission for Adult Offender Supervision.

28. Upon information and belief, this fact was known to each of the Defendants, including Defendant JOSEPH PONTE (Commissioner of the New York City Department of Corrections), Defendant KAREN COLLINS (Warden of the Vernon C. Bain Complex at Rikers Island Correctional Facility), Defendant NEW YORK CITY PROBATION OFFICER JENNA SEABROOK, Defendant TONYA HAYES (Deputy Warden for Administration of the Vernon C. Bain Complex at Rikers Island Correctional Facility from June 2014 through September 2014), Defendant CAPTAIN BROWN, SHIELD NO. 1363 (Supervisor of the General Office of the Vernon C. Bain Complex at Rikers Island Correctional Facility from June 2014 through September 2014), and Defendant FLORIDA CORRECTIONS OFFICER LISSETTE CAMPOS.

29. Interstate transfer of persons on probation is governed by the Interstate Compact on Adult Offender Supervision. This compact is administered by an Interstate Commission. It is available online and, upon information and belief, it is well-known to New York and Florida officials, and each of the Defendants named herein, and it is binding on both states.

30. Rule 3.101 of the Interstate Compact states that an offender shall be eligible for transfer of supervision if, among other things, the offender "is in substantial compliance with the terms of supervision in the sending state." Rule 3.101(c).

31. Florida approved the transfer of Plaintiff's supervision on July 1, 2010, thereby affirming that Plaintiff was not in violation of probation at that time.

32. Once an offender has been transferred, the receiving state, in this case New York, determines the manner of supervision. Rule 4.101.

33. If the offender violates the terms of supervision, the receiving state must notify the sending state. Rule 4.109.

34. Upon information and belief, Plaintiff never violated the terms of supervision, and New York never notified Florida that Plaintiff violated the terms of his supervision.

35. Upon information and belief, each of the Defendants were aware that Plaintiff never violated the terms of supervision.

36. Upon information and belief, the Defendants were aware of this or would have been able to confirm this.

37. On August 6, 2012 – more than two years after Plaintiff's probation had been transferred from the State of Florida to New York State, and nearly three years after he had been placed on probation – Defendant Campos obtained a Florida warrant based on false information provided by Defendants Seabrook and Campos that Plaintiff had failed to comply with

certain terms of his probation.

38. Defendant Campos, Plaintiff's Florida probation officer, intentionally obtained this warrant by speaking with Plaintiff's New York State Probation Officer, Defendant Seabrook, and by providing false allegations and statements in support of a warrant which was used to unlawfully detain the Plaintiff in New York State at VCBC as alleged herein.

39. Accordingly, Defendant Capos' tortious conduct was expressly aimed at the State of New York knowing that her conduct would violate the civil rights of the Plaintiff as alleged herein.

40. Defendant Campos' conduct and wrongdoing was intentionally directed at a New York Resident, Plaintiff Geovanee Delgado.

41. Not only did Defendant Campos unlawfully cause a warrant to issue for Plaintiff, Defendant Campos was also notified that Mr. Delgado had been taken into custody pursuant to the warrant she obtained and she took no action to correction her wrongdoing.

42. Upon information and belief, none of the Defendants told the Florida Court that issued the warrant that Probation supervision had previously been transferred from Florida to New York and that the Plaintiff had, in fact, complied with the terms of his probation.

43. On September 1, 2013, the New York City Department of Probation discharged Plaintiff from probation supervision based on the maximum expiration of his sentence.

44. Upon information and belief, the New York City Department of Probation provided notice to Florida, pursuant to the Interstate Compact on Adult Offender Supervision, that Plaintiff had been discharged from probation supervision.

45. No steps were taken to execute the 2012 warrant until June 16, 2014.

### *Plaintiff's Arrest and Detention*

46. On June 16, 2014, Plaintiff was stopped for a traffic violation in Bronx County.

47. On June 16, 2014, Plaintiff was arrested based on a Fugitive Affidavit, Docket Number 2014BX032152, which was obtained by Defendant Police Officer Jeckson Dorville.

48. Defendant Dorville falsely swore to allegations that Plaintiff was wanted in the State of Florida.

49. At all relevant times hereinafter mentioned, Plaintiff was not a fugitive and was not accused of fleeing the State of Florida.

50. Each of the Defendants named herein were aware that Plaintiff was not a fugitive and was not accused of fleeing the State of Florida.

51. Nonetheless, Plaintiff was taken into custody and detained by the Defendants pursuant to this baseless fugitive of justice warrant, which each of the Defendants knew was baseless.

52. On June 26, 2014, the Fugitive Affidavit, Docket Number 2014BX032152, was dismissed by The Honorable Joseph J. Dawson. Supreme Court, Bronx County, Criminal Court.

53. Despite the fact that Plaintiff had spent ten days in custody pursuant to this false fugitive affidavit, he was not released, but was caused to be remanded based on the unlawful conduct of the Defendants.

54. Plaintiff was then remanded by the Defendants at the Vernon C. Bain Correctional Facility at Rikers Island, on the Florida warrant based on the alleged violation of probation mentioned above, which, upon information and belief, the Defendants knew was false, impossible, and not legally authorized.

55. This alleged warrant was based upon events for which Plaintiff had already completed probation in New York State, and for which the Defendants knew he had completed

probation.

56. Specifically, this warrant was obtained based on false information provided by Defendant Seabrook to Defendant Campos, which each of the Defendants knew was false.

57. Specifically, in order to obtain a warrant for Plaintiff, Defendants Seabrook and Campos falsely alleged that Plaintiff was not complying with the conditions of his probation supervision.

58. Defendants Seabrook and Campos concealed the fact of Plaintiff's compliance from the Court which issued Plaintiff's warrant.

59. In sum, the Defendants knew that there was no basis for this warrant to issue against the Plaintiff.

60. Nonetheless, Plaintiff was taken into custody and detained for several months by the Defendants, pursuant to this warrant.

61. Plaintiff's arrest and/or continued detention on this warrant was illegal and the Defendants should not have detained him pursuant to this warrant.

62. Plaintiff had not been committed and was not detained by virtue of any decree, judgment, final order, or process issued by a Court or Judge of the United States.

63. Defendants Ponte, Collins, Hayes, and Brown, had the duty and obligation to release Plaintiff from custody, but failed to do so.

64. Defendants Seabrook and Campos had the duty and obligation to correct the false statements they made in support of procuring the unlawful warrant.

65. Despite the absence of any legal basis to detain Plaintiff, Geovanee Delgado, he was unlawfully detained and restrained of liberty by the Defendants at the Vernon C. Bain Center at Rikers Island Correctional facility for several months, ostensibly on the basis of a violation

of probation warrant from the state of Florida, in violation of statute and constitutional mandate.

66. There was no legal basis for the Defendants to detain Plaintiff at all, much less detain him for the length of time they did.

67. As a result of the foregoing, Plaintiff GEOVANEE DELGADO sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

68. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

69. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

70. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

71. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

72. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST AND FALSE IMPRISONMENT
## UNDER 42 U.S.C. § 1983

73. Plaintiff GEOVANEE DELGADO repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

74. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

75. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause.

76. As a result, Plaintiff suffered deprivation of his liberty, as he was falsely detained for several months before he was released.

## SECOND CLAIM FOR RELIEF FOR
## DUE PROCESS VIOLATION AND DENIAL OF THE RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

77. Plaintiff GEOVANEE DELGADO repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

78. Defendants Dorville, Seabrook and Campos fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Bronx County District Attorney's Office.

79. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was detained and falsely arrested without probable cause.

11

## THIRD CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

80. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

81. Defendants arrested and incarcerated plaintiff GEOVANEE DELGADO, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

82. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

83. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, and the New York City Department of Corrections, and the Department of Probation all under the supervision of ranking officers of said department.

84. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers, corrections officers, and probation

12

        officers in the requirements of the United States Constitution.

85. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, the New York City Department of Corrections, and the New York City Department of Probation directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct;

    v. detaining individuals on warrants which officers know have no basis in law or fact; and

    vi. failing to address the propriety of purported warrants despite being given notice that said warrant is not proper, and allowing prisoners to languish with no due process.

86. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, the New York City Department of Corrections, and the New York City Department of Probation constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, GEOVANEE DELGADO.

87. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, the New York City Department of

Corrections, and the New York City Department of Probation, were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

88. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, the New York City Department of Corrections, and the New York City Department of Probation, were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

89. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, the New York City Department of Corrections, and the New York City Department of Probation, Plaintiff was placed under arrest and detained unlawfully.

90. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

91. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

92. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

  i.   an order awarding compensatory damages in an amount to be determined at trial;

  ii.  an order awarding punitive damages in an amount to be determined at trial;

  iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
May 18, 2017

        Respectfully submitted,

        **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
        *Counsel for the Plaintiff*

        /s/
By:    JESSICA MASSIMI (JM-2920)
        32 Old Slip, 8th Floor
        New York, New York 10005
        (212) 962-1020